UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN FANTEL,

    Plaintiff,

v.   Case No: 6:25-cv-1255-JSS-LHP

PUBLIX GROCERY STORES, NASSAU COUNTY SHERIFF'S DEPARTMENT, ALEX LANE, ALI MUHAMED, STATE OF FLORIDA, FLORIDA DEPARTMENT OF LAW ENFORCEMENT, ORLANDO POLICE DEPARTMENT, CHICK-FIL-A, COVELLI RESTAURANTS, ORANGE COUNTY SHERIFF'S DEPARTMENT, CITY OF ORLANDO, and ORANGE COUNTY,

    Defendants.
_____/

**ORDER**

Plaintiff, a prisoner proceeding pro se, filed an untitled pleading identifying himself and other persons as parties to this case and alleging violations of his civil rights. (*See* Dkt. 1.) Upon consideration, for the reasons outlined below, the court dismisses this case without prejudice.

Plaintiff has neither paid the filing fee nor moved to proceed in forma pauperis. *See* 28 U.S.C. §§ 1914, 1915; M.D. Fla. R. 6.03, 6.04. Moreover, Plaintiff did not use the required prisoner civil rights form to initiate this case. *See* M.D. Fla. R. 6.04(a)(3) (requiring pro se plaintiff prisoners to use the standard form to file a civil rights complaint). As a result, the complaint is missing required information, such as a

detailed description of Plaintiff's litigation history. The court dismisses this case without prejudice to allow Plaintiff an opportunity to properly file a civil rights complaint on the required form and to either pay the filing fee or submit a request to proceed in forma pauperis supported by an affidavit of indigency.

Plaintiff's complaint must also comply with the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 3, 8, 10, 11. Rule 8 requires a complaint to contain, among other things, a concise statement of each claim raised and the factual basis for the claims against each named defendant. *See* Fed. R. Civ. 8(a)(2). Plaintiff briefly describes claims that Defendants violated his constitutional rights, but these claims do not satisfy the applicable standard. (*See* Dkt. 1.) *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

In addition, Plaintiff appears to summarily request preliminary injunctive relief. (Dkt. 1 at 4.) However, a court's issuance of a preliminary injunction is "'an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks omitted) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). These four prerequisites are (1) that the claim supporting the injunctive request demonstrates a "substantial likelihood of success on the merits[,] (2) that the preliminary injunction is necessary to prevent irreparable injury[,] (3) that the threatened injury outweighs the harm the preliminary injunction would cause the other litigant[,] and (4) that the preliminary injunction would not be averse to the public interest." *Chavez v. Fla. SP*

*Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014) (citing *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001)). Further, when drafting a motion for a preliminary injunction, Plaintiff must fully comply with Federal Rule of Civil Procedure 65 and Middle District of Florida Local Rule 6.02. However, Plaintiff has not—as the rules require—filed a motion for a preliminary injunction, an affidavit or other evidence establishing his entitlement to relief, or a proposed order. *See, e.g.*, M.D. Fla. R. 6.02(a). Because Plaintiff has not fully complied with the rules governing requests for preliminary injunctive relief, the court denies his request.

Accordingly:

1. This case is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

3. The Clerk is **FURTHER DIRECTED** to mail Plaintiff an affidavit of indigency form and a prisoner civil rights complaint form. If Plaintiff chooses to file a civil rights complaint, he must complete and submit those forms. Plaintiff should not place the instant case number on the forms as the Clerk will assign a new case number in the event Plaintiff chooses to pursue an action.

**ORDERED** in Orlando, Florida, on July 21, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

- 4 -

Copies furnished to:

Unrepresented Parties